IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BARRY KOZIAL                                                      PLAINTIFF


v.                                        NO. 15-5241


CAROLYN W. COLVIN, Commissioner
Social Security Administration                                    DEFENDANT


**MEMORANDUM OPINION**

Plaintiff, Barry Kozial, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying his claims for a period of disability and disability insurance benefits (DIB) under the provisions of Title II of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

**I.      Procedural Background:**

Plaintiff filed his current application for DIB on November 27, 2012, alleging an inability to work since November 7, 2012, due to back problems, herniated discs, bulging discs, and fibromyalgia. (Doc. 13, pp. 70, 160, 191, 199). An administrative video hearing was held on February 14, 2014, at which Plaintiff appeared with counsel and testified. (Doc. 13, pp. 31-68).

By written decision dated July 17, 2014, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Doc. 13, p. 16). Specifically, the ALJ found Plaintiff had the following severe impairments:

1

fibromyalgia, degenerative disc disease, an affective disorder, an anxiety disorder, and a personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4.  (Doc. 13, p. 16).  The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform sedentary work as defined in 20 CFR 404.1567(a) except the claimant can occasionally work overhead bilaterally. Nonexertionally, the claimant is able to perform simple, routine and repetitive tasks with interpersonal contact that is incidental to the work perform (sic) and supervision is simple, direct and concrete.

(Doc. 13, p. 18).  With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a production worker, and an escort vehicle driver. (Doc. 13, p. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on August 12, 2015.  (Doc. 13, p. 5).  Subsequently, Plaintiff filed this action.  (Doc. 1).  This case is before the undersigned pursuant to the consent of the parties. (Doc. 6).  Both parties have filed appeal briefs, and the case is now ready for decision.  (Docs. 10, 12).

The Court has reviewed the entire transcript.  The complete set of facts and arguments are presented in the parties' briefs, and are repeated here only to the extent necessary.

**II.    Applicable Law:**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must

be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. Pearsall v. Massanari, 274 F.3d 1211, 1217 (8th Cir. 2001); see also 42 U.S.C. §§ 423(d)(1)(A), 1382c (a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A Plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the

national economy given his age, education, and experience.  See 20 C.F.R. § 404.1520.  Only

if the final stage is reached does the fact finder consider the Plaintiff's age, education, and

work experience in light of his residual functional capacity.  See McCoy v. Schweiker, 683

F.2d 1138, 1141-42 (8th Cir. 1982), abrogated on other grounds by Higgins v. Apfel, 222 F.3d

504, 505 (8th Cir. 2000); 20 C.F.R. § 404.1520.

**III.    Discussion:**

Plaintiff argues the following issues on appeal: 1) the ALJ failed to fully and fairly

develop the medical record; 2) the ALJ failed to consider Plaintiff's impairments in

combination; 3) the ALJ erred in his analysis and credibility findings in regard to Plaintiff's

subjective complaints; 4) the ALJ erred in finding that Plaintiff retains the RFC to perform a

limited range of sedentary work; and 5) the ALJ erred in disregarding the opinions and findings

of Plaintiff's primary treating physicians, Drs. Earl and Sampson.

**A.    Full and Fair Development of the Record:**

The ALJ has a duty to fully and fairly develop the record. See Frankl v. Shalala, 47

F.3d 935, 938 (8th Cir.1995). The ALJ's duty to fully and fairly develop the record is

independent of Plaintiff's burden to press his case. Vossen v. Astrue, 612 F.3d 1011, 1016 (8th

Cir. 2010). The ALJ, however, is not required to function as Plaintiff's substitute counsel, but

only to develop a reasonably complete record. "Reversal due to failure to develop the record

is only warranted where such failure is unfair or prejudicial." Shannon v. Chater, 54 F.3d 484,

488 (8th Cir. 1995). "While an ALJ does have a duty to develop the record, this duty is not

never-ending and an ALJ is not required to disprove every possible impairment." McCoy v.

Astrue, 648 F.3d 605, 612 (8th Cir. 2011).

Plaintiff argues that the ALJ should have contacted his treating physicians to obtain a

RFC assessment.  The Court notes that a RFC assessment from a treating physician, although

4

helpful, is not required. See Page v. Astrue, 484 F.3d 1040, 1043 (8th Cir. 2007)(the medical evidence, State agency physician opinions, and claimant's own testimony were sufficient to assess residual functional capacity); Stormo v. Barnhart, 377 F.3d 801, 807–08 (8th Cir. 2004)(medical evidence, State agency physicians' assessments, and claimant's reported activities of daily living supported residual functional capacity assessment).

In this case, the record consists of both mental and physical RFC assessments completed by non-examining medical consultants, a consultative mental evaluation, and Plaintiff's medical records which include the records from a neurologist and a rheumatologist. After reviewing the entire record, the Court finds the record before the ALJ contained the evidence required to make a full and informed decision regarding Plaintiff's capabilities during the relevant time period.  Accordingly, the undersigned finds the ALJ fully and fairly developed the record.

## B.   Combination of Impairments:

Plaintiff argues that the ALJ erred in failing to consider all of the claimant's impairments in combination.

The ALJ stated that in determining Plaintiff's RFC he considered "all of the claimant's impairments, including impairments that are not severe." (Doc. 13, p. 15).  The ALJ further found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. (Doc. 13, p. 17).  Such language demonstrates the ALJ considered the combined effect of Plaintiff's impairments.  Hajek v. Shalala, 30 F.3d 89, 92 (8th Cir. 1994).

### C.      Subjective Complaints and Credibility Analysis:

We now address the ALJ's assessment of Plaintiff's subjective complaints.  The ALJ was required to consider all the evidence relating to Plaintiff's subjective complaints including evidence presented by third parties that relates to:   (1) Plaintiff's daily activities; (2) the duration, frequency, and intensity of his pain; (3) precipitating and aggravating factors; (4) dosage, effectiveness, and side effects of his medication; and (5) functional restrictions.  See Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984). While an ALJ may not discount a claimant's subjective complaints solely because the medical evidence fails to support them, an ALJ may discount those complaints where inconsistencies appear in the record as a whole. Id. As the United States Court of Appeals for the Eighth Circuit observed, "Our touchstone is that [a claimant's] credibility is primarily a matter for the ALJ to decide." Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003).

After reviewing the administrative record, it is clear that the ALJ properly considered and evaluated Plaintiff's subjective complaints, including the Polaski factors. A review of the record revealed that in March of 2013, Plaintiff reported that with the exception of needing help with putting socks on three or four time a month, he could take care of his activities of daily living without assistance; could drive familiar/unfamiliar routes; could shop independently; could handle his finances; and could participate in social groups, such as church. (Doc. 13, pp. 458-459).  Plaintiff also reported in a Function Report dated February 6, 2014, that he was able to take care of his personal needs but experienced some discomfort; to prepare simple meals; to do light household chores; to mow with a self-propelled lawn mower; to drive a car; to shop for groceries; and to attend church sometimes.  (Doc. 13, pp. 255-262).  At the administrative hearing held on February 14, 2014, Plaintiff testified that he

6

had worked for his current employer, a packing and shipping company since 2007, but was reduced to part-time work in 2012 due to having difficulty with the work load. (Doc. 13, pp. 36-44).

With respect to Plaintiff's alleged physical impairments, the record reveals that Plaintiff was treated conservatively. See Black v. Apfel, 143 F.3d 383, 386 (8th Cir.1998); See Robinson v. Sullivan, 956 F.2d 836, 840 (8th Cir. 1992) (course of conservative treatment contradicted claims of disabling pain). With regard to Plaintiff's alleged mental impairments, the record failed to demonstrate that Plaintiff sought on-going and consistent treatment from a mental health professional during the relevant time period. See Gowell v. Apfel, 242 F.3d 793, 796 (8th Cir. 2001) (holding that lack of evidence of ongoing counseling or psychiatric treatment for depression weighs against plaintiff's claim of disability).

Therefore, although it is clear that Plaintiff suffers with some degree of limitation, he has not established that he was unable to engage in any gainful activity during the time period in question. Accordingly, the Court concludes that substantial evidence supports the ALJ's conclusion that Plaintiff's subjective complaints were not totally credible.

### D.    The ALJ's RFC Determination and Medical Opinions:

RFC is the most a person can do despite that person's limitations. 20 C.F.R. § 404.1545(a)(1). It is assessed using all relevant evidence in the record. Id. This includes medical records, observations of treating physicians and others, and the claimant's own descriptions of his limitations. Guilliams v. Barnhart, 393 F.3d 798, 801 (8th Cir. 2005); Eichelberger v. Barnhart, 390 F.3d 584, 591 (8th Cir. 2004). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. § 404.1545(a)(3). The United States Court of Appeals for the Eighth Circuit has held that a "claimant's residual functional capacity is a medical question." Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).

7

Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. Lewis v. Barnhart, 353 F.3d 642, 646 (8th Cir. 2003). "[T]he ALJ is [also] required to set forth specifically a claimant's limitations and to determine how those limitations affect his RFC." Id.

In finding Plaintiff able to perform sedentary work with limitations, the ALJ considered Plaintiff's subjective complaints, the medical records, and the evaluations of the non-examining medical examiners. Plaintiff's capacity to perform this level of work is supported by the fact that Plaintiff's examining physicians placed no restrictions on his activities that would preclude performing the RFC determined during the relevant time period. See Hutton v. Apfel, 175 F.3d 651, 655 (8th Cir. 1999) (lack of physician-imposed restrictions militates against a finding of total disability). After reviewing the entire transcript, the Court finds substantial evidence supporting the ALJ's RFC determination for the time period in question.

### E.      Hypothetical Question to the Vocational Expert:

After thoroughly reviewing the hearing transcript along with the entire evidence of record, the Court finds that the hypothetical the ALJ posed to the vocational expert fully set forth the impairments which the ALJ accepted as true and which were supported by the record as a whole. Goff v. Barnhart, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, the Court finds that the vocational expert's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments did not preclude him from performing work as a production worker, and an escort vehicle driver. Pickney v. Chater, 96 F.3d 294, 296 (8th Cir. 1996)(testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

## IV.  Conclusion:

Accordingly, having carefully reviewed the record, the undersigned finds substantial

evidence supporting the ALJ's decision denying the Plaintiff benefits, and thus the decision

should be affirmed.  The undersigned further finds that the Plaintiff's Complaint should be

dismissed with prejudice.

DATED this 8th day of November, 2016.

/s/ *Erin L. Setser*
HON. ERIN L. SETSER
UNITED STATES MAGISTRATE JUDGE